Gary M. Zadick
UGRIN ALEXANDER ZADICK, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, MT 59403
Telephone: (406) 771-0007
Facsimile: (406) 452-9360

Attorneys for Employers Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NORTHLAND MANUFACTURING, INC., DAVID KNOLL, and KENNETH HARRIS <br><br> Defendants. | CAUSE NO.: <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW Plaintiff Employers Mutual Casualty Company and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Employers Mutual Casualty Company ("EMC") is an Iowa insurance company, incorporated in the State of Iowa with its principal place of business in Des Moines, Iowa and authorized to do business in Montana.

2. Defendant Northland Manufacturing, Inc. is a Montana corporation with principal place of business at Kalispell, Montana.

3. Defendant David Knoll is a citizen and resident of the State of Montana, residing in Kalispell, Montana.

4. Defendant Kenneth Harris is a citizen and resident of the State of Washington.

5. Accordingly, as Plaintiff is a citizen of Iowa and Defendants are citizens of Montana and Washington there is complete diversity of citizenship between the parties. The above-entitled court has jurisdiction to this case pursuant to 28 U.S.C. § 1332.

6. The amount in controversy, exclusive of costs and attorney fees, exceeds the sum of $75,000.

7. This Court possess jurisdiction to determine the rights and obligations of the parties according to the insurance policy at issue under the Federal Uniform Declaratory Judgment Act, at 28 U.S.C. § 2201, *et. seq.*

8. An actual controversy exists regarding EMC's duty to defend or indemnify David Knoll and Northland Manufacturing, Inc. regarding the claims of Kenneth Harris in the underlying action pending in the United States District Court for the District of Montana, Missoula Division, Cause No. CV-00087-DWM.

## THE UNDERLYING ACTION

9. David Knoll and Northland Manufacturing, Inc. are defendants in the underlying action in the United District Court for the District of Montana, Missoula Division, entitled *Kenneth Harris v. David Knoll and Northland Manufacturing, Inc.*, Case No. CV-0087-DMW (referred to herein as the "Underlying Action"). A true and correct copy of the underlying complaint is attached as **Exhibit A**.

10. In the Underlying Action, Kenneth Harris alleges that he suffered injuries as a result of a motor vehicle collision in Flathead County, Montana on August 16, 2020. Harris further alleges that David Knoll was the owner of Northland Manufacturing, Inc. and was driving a company vehicle and failed to react to traffic stopped ahead of him and collided with the rear of a vehicle, which then collided with the vehicle occupied by Kenneth Harris causing him injury.

## THE EMC POLICIES

11. EMC issued a Commercial General Liability Policy, Policy No. 6D1-03-46 with a policy period from 9/1/19-9/1/20 (referred to herein as the "CGL Policy"). A true and correct copy of the CGL Policy is attached as **Exhibit B**.

12. The named insureds on the CGL Policy are Northland Manufacturing, Inc., Northland Fabrication, and Knoll Properties, LLC.

13. The CGL Policy contains the following language:

2. Exclusions

This insurance does not apply to:

\*\*\*

g. Aircraft, Auto or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

14. The CGL Policy does not provide automobile liability coverage.

15. EMC has no duty to defend or indemnify David Knoll in the Underlying Action under the CGL Policy.

16. EMC has no duty to defend or indemnify Northland Manufacturing, Inc. in the Underlying Action under the CGL Policy.

17. EMC issued a Commercial Umbrella Policy, Policy No. 6J1-03-46 with a policy period from 9/1/19-9/1/20 (referred to herein as the "Umbrella Policy"). A true and correct copy is attached as **Exhibit C**.

18. The named insureds on the Umbrella Policy are Northland

Manufacturing, Inc., Northland Fabrication, and Knoll Properties, LLC.

19. The Umbrella Policy contains the following language:

2. Exclusions

This insurance does not apply to:

\*\*\*

f. Auto Coverages

(1) "Bodily injury" or "property damage" arising out of the ownership, maintenance or use of any "auto" which is not a "covered auto"; or

(2) Any loss, cost or expense payable under or resulting from any first-party physical damage coverage; no-fault law; personal injury protection or auto medical payments coverage; or uninsured or underinsured motorist law.

20. The Umbrella Policy does not provide automobile liability coverage.

21. EMC has no duty to defend or indemnify David Knoll in the Underlying Action under the Umbrella Policy.

22. EMC has no duty to defend or indemnify Northland Manufacturing, Inc. in the Underlying Action under the Umbrella Policy.

23. EMC issued a Commercial Auto Policy, Policy No. 6E1-03-46-20 with a policy period from 9/1/19-9/1/20 (referring to herein as the "Auto Policy"). A true and correct copy is attached as **Exhibit D**.

24. The named insureds on the Auto Policy are Northland Manufacturing,

Inc. and by endorsement added Northland Fabrication and Knoll Properties, LLC as additional insureds.

25. The Auto Policy's Declarations identify the auto coverage provided under the Auto Policy.

26. The Auto Policy's auto liability coverage only applies to covered autos identified under Symbols 8 and 9.

27. The Auto Policy contains a Schedule of Symbols and definitions.

28. Symbol 8 provides the following coverage:

Under Symbol 8, hired "autos" only, the policy defines those autos as:

> Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households.

29. Symbol 9 provides the following coverage:

Under Symbol 9, non-owned "autos" only, the policy defines those autos as:

> Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership) members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs.

30. On the date of the accident alleged in the Underlying Action, David Knoll was driving a 2017 Dodge Ram 1500 pickup.

31. On the date of the accident alleged in the Underlying Action, David Knoll was the registered owner of the 2017 Dodge Ram 1500 pickup.

32. On the date of the accident alleged in the Underlying Action, Northland Manufacturing, Inc. was the registered owner of the 2017 Dodge Ram 1500 pickup.

33. A true and correct copy of the title to the 2017 Dodge Ram 1500 pickup is included as **Exhibit E.**

34. The title attached as **Exhibit E** identifies the owners of the 2017 Dodge Ram 1500 pickup as Northland Manufacturing, Inc. and David Vern Knoll.

35. Under Montana Statute 61-3-435, a certificate of title is prima facie evidence of the facts appearing on the certificate of title.

36. The 2017 Dodge Ram 1500 pickup was not leased, hired, rented, or borrowed from Northland Manufacturing, Inc.

37. The 2017 Dodge Ram 1500 pickup does not fall within the description of Symbol 8 covered autos.

38. The 2017 Dodge Ram 1500 pickup was co-owned by Northland Manufacturing, Inc.

39. The 2017 Dodge Ram 1500 pickup does not qualify as a non-owned auto.

40. The 2017 Dodge Ram 1500 pickup does not fall within the description of Symbol 9 covered autos.

41.     EMC has no duty to defend or indemnify David Knoll in the Underlying Action under the Auto Policy.

42.     EMC has no duty to defend or indemnify Northland Manufacturing, Inc. in the Underlying Action under the Auto Policy.

### COUNT I – CLAIM FOR DECLARATORY JUDGMENT

43.     The foregoing paragraphs are reincorporated as if fully alleged herein.

44.     EMC is currently defending David Knoll and Northland Manufacturing, Inc. in the Underlying Action under an express reservation of rights asserting that EMC disputes coverage and any duty to defend or indemnify David Knoll and Northland Manufacturing, Inc. with respect to the Underlying Action.

45.     A present dispute exists between EMC, David Knoll, and Northland Manufacturing, Inc. regarding EMC's duty to defend and indemnify them with respect to the Underlying Action.

46.     Defendant Kenneth Harris, the Plaintiff in the Underlying Action, is joined in this action for the purpose of obtaining a declaration that encompasses and binds all parties who may have or claim some interest in the CGL Policy, the Umbrella Policy, and/or the Auto Policy.

WHEREFORE, Plaintiff EMC prays as follows:

1.     For an order of the Court declaring and adjudging that EMC has neither a

duty to defend nor indemnify David Knoll or Northland Manufacturing, Inc. from and against the allegations brought against them in the Underlying Action.

2. For an order of the Court that the CGL Policy does not cover any claims or damages of Kenneth Harris, Plaintiff in the Underlying Action.

3. For an order of the Court that the Umbrella Policy does not cover any claims or damages of Kenneth Harris, Plaintiff in the Underlying Action.

4. For an order of the Court that the Auto Policy does not cover any claims or damages of Kenneth Harris, Plaintiff in the Underlying Action.

5. For costs of suit incurred herein; and

6. For such other and further relief as may be necessary and proper.

DATED this 14th day of November, 2023.

UGRIN ALEXANDER ZADICK, P.C.

/s/ Gary M. Zadick
Gary M. Zadick
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, Montana 59403

Attorneys for Employers Mutual Casualty Company